UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ONIEL DWAYNE CAREY, : | |
| : | |
| Petitioner : | |
| vs. : | CIVIL NO. 1:CV-14-0634 |
| : | |
| IMMIGRATION & NATURALIZATION : | (Judge Caldwell) |
| SERVICES, : | |
| : | |
| Respondent : | |

*M E M O R A N D U M*

I.  *Introduction*

Oniel Dwayne Carey is currently confined at FCI-Allenwood in White Deer, Pennsylvania. In June 2006, he was convicted on a drug-trafficking offense and was sentenced to 151 months' imprisonment. (Doc. 1-1, Pet., ECF pp. 4, 12 and 15). In May 2009, an immigration judge ordered Carey's removal to Jamaica and denied his claim of derivative citizenship. (*Id.*, ECF p. 34).

On March 24, 2014, Carey filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] He alleges that ICE has placed an immigration detainer against him. Carey claims derivative citizenship through his father, a naturalized citizen, and on that basis seeks the removal of the ICE detainer. He maintains that he is not challenging his order of removal but only the detainer, which he considers illegal.

For the reasons that follow, the petition will be dismissed for lack of subject-matter jurisdiction.

---

[1] As Respondent points out, the INS no longer exists and its relevant functions have been taken over by the Bureau of Immigration and Customs Enforcement (ICE).

II.     *Relevant Law*

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has subject-matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody" and (2) the custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490, 109 S.Ct. 1923, 1925, 104 L.Ed.2d 540 (1989). The federal habeas statute requires that the petitioner be in custody "under the conviction or sentence under attack at the time his petition is filed." *Lee v. Stickman*, 357 F.3d 338, 342 (3d Cir. 2004) (quoting *Maleng*, 490 U.S. at 490-91, 109 S.Ct. at 1925).

III.    *Background*

On June 9, 2006, Carey was convicted in the United States District Court for the Eastern District of Virginia of conspiracy to distribute fifty grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841 and 846. He was sentenced to 151 months' imprisonment. He is scheduled to remain in custody on this conviction until November 19, 2014. (Doc. 7-1, BOP Inmate Locator Report).

On August 4, 2006, an ICE detainer against Carey was lodged with FCI-Allenwood officials. (Doc. 7-2, Immigration Detainer - Notice of Action).

In March 2007, Carey filed an application for a certificate of citizenship with the United States Citizenship and Immigration Services (USCIS), claiming that he derived citizenship from his father with whom he resided in the United States until he was 18 years

old.  USCIS denied the request on October 7, 2008.  (Doc. 1-1, ECF p. 25).

On October 31, 2008, ICE initiated removal proceedings against Carey. (Doc. 1-1, ECF p. 12, Notice to Appear).  On May 27, 2009, the immigration judge ordered Carey removed to Jamaica.  (Doc. 1-1, ECF p. 34, Order).  During the course of these proceedings, the immigration judge reviewed the USCIS's decision denying derivative citizenship and found it to be correct.  (Doc. 7-3, Ex. 3, Interlocutory Ruling on Motion). Carey appealed the removal order to the Board of Immigration Appeals (BIA).  On October 6, 2009, the BIA dismissed the appeal, rendering the removal order final.  (Doc. 7-4, BIA's Order); *see also* 8 C.F.R. § 1241.1(a).

IV.    *Discussion*

We will dismiss the petition for lack of jurisdiction.  First, the detainer does not place Petitioner in custody for the purpose of 28 U.S.C. § 2241(c).  Immigration detainers serve merely as a "request" or "informal procedure" by which ICE asks another law enforcement agency to let ICE know when a prisoner/alien is set to be released and to maintain custody of that alien for a period of time so ICE officials can assume custody of the individual.  *Garlaza v. Szalczyk*, 745 F.3d 634, 641 (3d Cir. 2014).  Carey is not presently being held by the Bureau of Prisons on the basis of the ICE detainer.  Rather, he is currently serving his criminal sentence.  The fact that ICE lodged a detainer against him on November 16, 2006, does not alter the basis of his custody.  (Doc. 1-1, ECF p. 17). "[A] prisoner who is serving a criminal sentence is not in [ICE] custody simply because [ICE] has lodged a detainer against him with the prison where he is incarcerated."  *Green v. Apker*, 153 F. App'x. 77, 79 (3d Cir. 2005)(nonprecedential).  Because Carey is not "in

custody" pursuant to the ICE detainer, this court does not have jurisdiction under § 2241 to consider his challenge to the detainer.

Second, to the extent Carey's challenge to the detainer is really a means of attacking his order of removal, subject-matter jurisdiction is also lacking. Following the enactment of the REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, 119 Stat. 231 (2005)(REAL ID Act), district courts were divested of subject matter jurisdiction, whether through habeas corpus or otherwise, to review removal orders. *See* 8 U.S.C. § 1252(a)(5). The REAL ID Act provides that the "sole and exclusive means for judicial review" of an order of removal and matters dependent thereon, shall be a petition for review filed with the appropriate court of appeals. *Id.* Thus, the REAL ID Act expressly eliminated district-court jurisdiction over habeas corpus petitions challenging orders of removal.

Because Carey was ordered deported by an immigration judge in Pennsylvania, any available challenge to the order of removal must be brought in the Third Circuit Court of Appeals, which has jurisdiction over the immigration court that issued the deportation order. *See* 8 U.S.C. § 1252(b)(2).

We have authority to transfer this action to the court of appeals.[2] Under the REAL ID Act, an alien must file a Petition for Review seeking to challenge a final order of removal with the appropriate court of appeals within thirty days of issuance of the order of removal. In this case, the order of removal became final on October 6, 2009. Thus, the

---

[2] "Whenever a civil action is filed in a court . . . or an appeal, including a petition for review of an administrative action, is noticed for or filed with such a court and the court finds that there is want of jurisdiction, the Court shall, if it is in the interest of justice, transfer such action or appeal to any such court which the action or appeal could have been brought at the time it was filed or noticed." 28 U.S.C. § 1631.

interest of justice does not require this Court to transfer the instant petition to the court with the authority to review it.

      An appropriate order follows.

                                        /s/ William W. Caldwell
                                        William W. Caldwell
                                        United States District Judge

Date:  May 29, 2014